# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

KEVIN K. COURTNEY                                                                                          PLAINTIFF
ADC # 93822

V.                                           5:09CV00056 SWW/HDY

STEVE DALRYMPLE, Prosecuting Attorney,
Jefferson County                                                                                           DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

      1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, who is being held at the W.C. "Dub" Brassell Detention Center pending transfer to the Arkansas Department of Correction following the revocation of his parole and conviction on new charges, filed this action *pro se* pursuant to 42 U.S.C. § 1983. Plaintiff argues that he was not provided with discovery, public defenders were appointed over his objections and their representation was inadequate, and that the prosecuting attorney failed to file an information within sixty days of his arrest, as required by Arkansas Criminal Procedure Rule 8.6. By way of relief he wants "all charges dropped" and damages for "illegal incarceration." The Court has carefully reviewed the documents submitted by Plaintiff and concludes that he has failed to state a claim upon which relief may be granted. Accordingly, the Court recommends that Plaintiff's Complaint be

dismissed, without prejudice.

## I.  Screening

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). In reviewing a *pro se* complaint under §1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  But regardless of whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir. 1985).

## II. Analysis

### A.  *Habeas* Issues

First, to the extent Plaintiff is challenging the validity of the charges against him, his sole remedy is a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court delineated what

constitutes a *habeas* action as opposed to a § 1983 claim. The essence of *habeas corpus* is an attack by a person in custody upon the legality of that custody. *Id*. at 484. The label a prisoner gives to his suit is not controlling. *Id*. at 489-90. Therefore, if Plaintiff is in effect challenging his incarceration, then his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, rather than a civil rights complaint pursuant to § 1983. *Id.* at 499. To the extent Plaintiff is challenging his incarceration, his claims are not cognizable here. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996)(court must look to substance of relief sought to determine if action is § 1983 suit or habeas corpus action; prisoner's labeling of suit is not controlling).

Plaintiff's claim for damages likewise fails. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by issuance of a federal writ of habeas corpus. *Heck* also "applies to proceedings [that] call into question the fact or duration of parole." *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), *cert. denied,* 516 U.S. 851 (1995). When a state prisoner's § 1983 suit implicates the length of his incarceration, the complaint must be dismissed unless the plaintiff can demonstrate that the decision establishing the length of incarceration (here, his sentence for the conviction on new charges and/or the revocation of his parole from completion of a sentence for a previous conviction) has already been invalidated.[1]

---

[1] Although they are not the same, much of the case law on the subject uses the terms "parole revocation" and "probation revocation" interchangeably. *See e.g.*, *Anderson v. Bailey*, No. 4:08CV1301 CDP, 2008 WL 4948476 at *2 (E.D. Mo. Nov. 10, 2008)("A plaintiff in a § 1983 suit may not question the validity of the confinement resulting from a probation revocation hearing if he does not allege that the parole board's decision has been reversed, expunged, set aside or called into

Absent any allegation that Plaintiff has successfully challenged the convictions through appropriate state or federal procedures, his § 1983 claim is not cognizable; therefore, Plaintiff's claims should be dismissed without prejudice to refiling at such time as a successful challenge has occurred.[2] Plaintiff is advised, however, that he cannot bring a federal habeas action challenging his conviction until he has exhausted his state remedies, as explained above. *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996); *Armento-Bey v. Harper*, 68 F.3d 215, 216 (8th Cir. 1995)(Bowman, J., dissenting).

### B. Claims against Prosecutor

Even if Plaintiff had stated had a claim, he has likely not named a proper party in prosecutor Dalrymple. Prosecutors are immune from civil rights claims that are based on actions taken in the performance of their prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 427-28, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir.1993); *Snelling v. Westhof*, 972 F.2d 199, 200 (8th Cir.1992). When a prosecutor is acting as advocate for the state in a criminal prosecution, then the prosecutor is entitled to absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and

---

question. *Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995); *see also McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir.1995)(*Heck* bars § 1983 action challenging revocation of supervised release); *c.f., Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir.1995)(per curiam)(holding that Heck precludes § 1983 action which would impliedly invalidate a denial of parole as challenge to duration of confinement).

[2] The recommendation for dismissal is without prejudice so that plaintiff can re-file his complaint should he succeed in challenging the legality of his continued confinement through appropriate state or federal remedies. *See Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir.1995).

other conduct that is intimately associated with the judicial process. *Id.*; *Imbler* at 430-31. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir.1996)(noting that where the prosecutor is acting as an advocate for the state in a criminal prosecution, the prosecutor is entitled to absolute immunity). It is clear that the decisions and acts of the Defendant in prosecuting Plaintiff are entitled to prosecutorial immunity. Thus, Plaintiff's claims against him must fail.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED that:

1) Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim;

2) Dismissal of this action constitute a "strike" for purposes of 28 U.S.C. § 1915(g);[3] and

3) The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

DATED this __10__ day of March, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." Dismissals pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) are "strikes" for the purpose of § 1915(g), even though they are dismissals without prejudice. *Armentrout v. Tyra*, 175 F.3d 1023 (8th Cir. Feb. 9, 1999)(unpub. table op.) (citing *Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998); *Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462-64 (5th Cir. 1998)).